UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OLLIE JONATHAN STEWART, | ) | CASE NO. CV 20-2579-JVS (PJW) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | ) ) | |
| JOSIE GASTELO, | ) ) | |
| Respondent. | ) ) | |

On March 18, 2020, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 state convictions for burglary, robbery, carjacking, assault with a deadly weapon, kidnapping, and criminal threats. From the face of the Petition, it appears that he has not raised any claims that are cognizable in federal habeas corpus proceedings. As such, absent further explanation from Petitioner, the Petition will be dismissed, as follows.

In his sole claim for relief, Petitioner contends that the trial court abused its discretion under state law in allowing the prosecution to present evidence of Petitioner's prior bad acts. Because Petitioner argues only that the state court erred in applying state law, his claim is not cognizable on federal habeas review.

Federal courts may grant a writ of habeas corpus only if the petitioner's conviction or sentence is in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (*en banc*) (noting "not every state court abuse of discretion" amounts to a federal constitutional violation).[1]

IT IS THEREFORE ORDERED that, no later than **May 8, 2020**, Petitioner shall inform the Court in writing why this case should not be dismissed for the reasons set forth above.  Failure to timely file a response will result in dismissal.

DATED: April 17, 2020

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\STEWART, O 2579\OSC dismiss pet.wpd

---

[1] Even assuming Petitioner intended to raise a federal due process claim in this court, it appears from the copy of the California Court of Appeal decision that he attached to the Petition that he did not raise a federal claim in state court.  This means that any federal claim he attempts to raise in this court is unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844 (1999) ("[W]hen a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.")